UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN HILAIRE,<br>    *Plaintiff*,<br><br>        v.<br><br>MARINOSCI LAW GROUP, P.C. *et al*,<br>    *Defendants*. | No. 3:25-cv-01904-VAB |

**RULING ON EMERGENCY MOTION**

To obtain a temporary restraining order, the moving party "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Local 1814 Int'l Longshoremen's Ass'n v. N.Y. Shipping Assoc., Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992) (recognizing that the standard for a temporary restraining order is the same as preliminary injunction standard).

Because the Plaintiff is unlikely to succeed on the merits, the Court must deny the relief sought. Injunctive relief, in this case the enjoinment of the foreclosure sale on the Plaintiff's home, is not provided for by the Fair Debt Collection Practices Act ("FDCPA"), and courts around the country have refused to construe the statute as providing such relief. *See Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 224 n.1 (2d Cir. 2012) ("While the FDCPA explicitly provides for money damages, it does not provide for injunctive relief in private actions. *See* 15 U.S.C. § 1692k. We do not here decide whether the FDCPA permits private plaintiffs to seek injunctive relief because the issue is not squarely presented, but we note that every federal

appeals court to have considered the question has held that it does not." (collecting cases)); *see also Hines v. HSBC Bank USA*, No. 15CV3082CBAMDG, 2016 WL 5716749, at *6 (E.D.N.Y. Sept. 30, 2016) ("Moreover, other district courts in the Second Circuit have held that private litigants are not entitled to declaratory or injunctive relief on FDCPA claims." (collecting cases)). While there is no binding precedent on the issue in the Second Circuit, thus far, this Court has not identified any caselaw construing the FDCPA as providing for injunctive relief.

Additionally, given the Supreme Court's interpretation of the scope of the FDCPA, it is unlikely that the Defendants can be held liable. *See Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 473-77 (2019) (holding that in nonjudicial foreclosures, a law firm that is simply enforcing a security interest falls within the "limited-purpose definition" of a debt collector under 15 U.S.C. § 1692f(6) and is therefore not subject to the broader requirements of the FDCPA).

As a result, there may be no basis for providing the extraordinary relief sought here — the enjoining of a foreclosure sale — much less a likelihood of success of such a claim in the merits. *See Lopez v. Delta Funding Corp.*, No. CV 98-7204 CPS, 1998 WL 1537755, at *5 (E.D.N.Y. Dec. 23, 1998) ("Likelihood of success is judged by whether the moving party makes 'a showing that the probability of prevailing is better than fifty percent.'" (quoting *Eng v. Smith*, 849 F.2d 80, 82 (2d Cir.1988))).

Accordingly, the emergency motion is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 4th day of January, 2026.

                                                /s/ Victor A. Bolden
                                                Victor A. Bolden
                                                United States District Judge