**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| JOHN HILAIRE,<br>    *Plaintiff*,<br><br>    v.<br><br>MARINOSCI LAW GROUP, P.C. *et al.*,<br>    *Defendants*. | No. 3:25-cv-1904 (VAB) |

**RULING AND ORDER ON PENDING MOTIONS**

On January 29, 2026, Marinosci Law Group, P.C., Brian M. Kiser, and Kelly A. Carden (collectively, "Defendants") filed a motion to dismiss John Hilaire's ("Plaintiff") Second Amended Complaint. Mot. to Dismiss, ECF No. 23. Ms. Hilaire has since filed a motion for leave to file a Third Amended Complaint, Mot. for Leave to File, ECF No. 30 ("Mot."), to which the Defendants have objected, Obj. to Mot. for Leave to Amend, ECF No. 31 ("Obj.").

For the following reasons, the Plaintiff's motion for leave to amend the Complaint is **GRANTED** and the Defendants' motion to dismiss is **DENIED** as moot.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

**A.  Factual Allegations**

Mr. Hilaire allegedly owns a private shelter in Bridgeport, Connecticut. Proposed Third Am. Compl. at 3, ECF No. 30-2 ("Third Am. Compl."). Mr. Kiser and Ms. Carden allegedly are employed by Marinosci Law Group, P.C. *Id.* at 2-3. On April 22, 2024, Mr. Hilaire allegedly received written communication from the Defendants regarding an alleged debt. In the communication, the Defendants allegedly did not identify themselves as debt collectors. *Id.* at 3. The alleged deadline by which to submit disputes was May 7, 2024.

On April 24, 2024, Mr. Hilaire responded in writing allegedly rejecting the Defendants' authority to act upon this alleged debt and revoking consent to further communications. *Id.* Mr. Hilaire also demanded that the Defendants provide proof of their authority to collect the alleged debt. *Id.* Mr. Hilaire's letter was allegedly delivered to the Defendants on April 25, 2024. *Id.* Mr. Hilaire alleges that the Defendants never produced proof of their authority to collect his alleged debt, and on April 29, 2024, they allegedly caused a foreclosure summons and complaint to be served at Plaintiff's home. *Id.*

On May 6, 2024, the Defendants filed a foreclosure action with the Connecticut Superior Court. *Id.* at 4. On January 13, 2025, the Connecticut Superior Court held a hearing at which Mr. Hilaire allegedly argued that the Defendants violated federal law related to the debt collection. *Id.* The Defendants allegedly acknowledged the dispute, but continued to pursue the foreclosure action. *Id.* In a February 12, 2025 motion, the Defendants allegedly included statutory debt collector language for the first time. *Id.* Additionally, Mr. Hilaire alleges that the Defendants impermissibly accessed and used a military affidavit and consumer information without the Plaintiff's authorization. *Id.* at 5.

### B.  Procedural History

On November 12, 2025, Mr. Hilaire initiated suit and filed a Complaint against the Defendants. Compl., ECF No. 1.

On December 1, 2025, Mr. Hilaire filed an Amended Complaint. Am. Compl., ECF No. 13.

On January 5, 2026, Mr. Hilaire filed a Second Amended Complaint. Second Am. Compl., ECF No. 18.

2

On January 29, 2026, Mr. Kiser entered an appearance on behalf of himself and the other Defendants, Not. of Appearance, ECF No. 21, and filed a motion to dismiss the Plaintiff's Second Amended Complaint, Mot. to Dismiss, ECF No. 23.

On February 9, 2026, Mr. Hilaire filed a motion for leave to file a Third Amended Complaint. Mot.

On February 20, 2026, the Defendants filed an objection to Mr. Hilaire's motion for leave to amend. Obj.

On March 20, 2026, Mr. Hilaire filed an objection to the Defendants' motion to dismiss.

## II.    STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure provides that parties may either amend once as a matter of course or, once the time period has elapsed, move for leave to file an amended complaint. Fed. R. Civ. P. 15(a). Parties who fail to file an amended complaint within 15(a)(1)'s time period, or who seek additional amendments, may seek the consent of their opposing party or the court's leave to amend. Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id*.

The decision to grant leave to amend under Fed. R. Civ. P. 15 is within the discretion of the court, but the court must give some "justifying reason" for denying leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Id*.; *see also Lucente v. Int'l Bus. Machines Corp*., 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to

3

dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." (internal citations omitted)); *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) ("While mere delay, absent a showing of bad faith or undue prejudice, is not enough for a district court to deny leave to amend, the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." (internal quotation marks omitted)).

## III.    DISCUSSION

The Second Circuit has "held repeatedly that 'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion" *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) (internal citations and quotation marks omitted); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *see also Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 123 (E.D.N.Y. 1996) ("Although courts have recognized that prejudice tends to increase with delay . . . delay alone is seldom reason to deny a motion to amend." (internal citations omitted)).

In examining whether the non-moving party will be prejudiced by the amendment, courts consider "among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo*, 514 F.3d at 192 (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). Undue prejudice might also be found where amendment is sought "on the eve of trial and would result in new problems of proof." *Ruotolo*, 514 F.3d at 192 (quoting *State Teachers Ret. Bd.*, 654 F.2d at 856; *see also Vigilant Ins. Co. v. Servco Oil, Inc.*, No. 3:09-cv-829 (JCH), 2010 WL 2710479, at *2 (D. Conn. July 7, 2010) ("In determining what

4

constitutes 'prejudice,' this court must consider the following factors: (1) whether the amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) whether the amendment would significantly delay the resolution of the dispute; and (3) whether the amendment would prevent the plaintiff from bringing a timely action in another jurisdiction.").

Mr. Hilaire argues that he seeks to amend the Complaint in order to clarify factual allegations about the Defendants' disclosures and asserted authority, and to add a state law consumer protection claim. Mot. at 1. He also argues that his motion will not prejudice the Defendants because the amendments do not add new parties, expand the scope of discovery, or alter the fundamental nature of the action; no scheduling order deadlines have passed; and discovery has not yet commenced. *Id.* at 2.

The Defendants argue that Mr. Hilaire's motion is untimely because of the Court's Order on pretrial deadlines, ECF No. 3, and, if granted, will be his fourth Complaint since November 2025. Obj. at 1-2. They also argue that to the extent his amendments aim to clarify matters addressed within the Defendants' motion to dismiss, those assertions should be made in a reply to that motion. *Id.* at 2.

The Court disagrees.

Discovery has not yet begun in this case, nor have summary judgment motions been filed. *See State Teachers Ret. Bd.*, 654 F.2d at 856 (holding district court abused discretion in denying leave to amend where no trial date had been set, no motion for summary judgment had been filed, and there would be no serious difficulty in amending class definition). It is unlikely that granting amendment here would lead to significant additional resources to conduct discovery or cause significant further delay in the resolution of the case.

The Defendant has filed a now partially briefed motion to dismiss, and while the Court could deny the motion to leave, address the motion to dismiss, and then allow amendment, this route would not be any more efficient, or result in any less delay, than allowing Mr. Hilaire to amend his Complaint now and then addressing future motions to dismiss in due course. The Defendant's burden would be minimal, "a necessary aspect of defending a valid claim," *Vigilant Ins. Co.*, 2010 WL 2710479, at *3, thus no prejudice results in allowing leave to file the Third Amended Complaint. Additionally, Mr. Hilaire has not shown bad faith or dilatory tactics.[1] While his proposed amendment alleging a violation of the Connecticut Unfair Trade Practices Act is likely based on facts that were known to Mr. Hilaire at the time of his initial Complaint, this amendment is not unreasonable such that the Court considers it dilatory or in bad faith.

Accordingly, the Court will grant the Plaintiff's motion for leave to file a Third Amended Complaint. Because the Third Amended Complaint replaces in its entirety the Second Amended Complaint, ECF No. 18, any motion relating to the prior Complaint is of no effect. *See In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000) ("It is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect."). The Court therefore denies as moot the Defendants' motion to dismiss.

## IV.    CONCLUSION

For the foregoing reasons, the Plaintiff's motion for leave to amend the Complaint is **GRANTED** and the Defendants' motion to dismiss is **DENIED** as moot.

---

[1] Although the Court grants the Plaintiff's present motion, the longer the delay and the now numerous opportunities to amend strongly suggest that further amendment is unnecessary or could be considered dilatory or in bad faith. *Cf. Parker*, 204 F.3d at 340 ("We now join these courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Moreover, we agree with these courts that a finding of 'good cause' depends on the diligence of the moving party.").

The Clerk of Court is respectfully directed to docket the proposed Third Amended Complaint, ECF No. 30-2, as the operative Complaint.

**SO ORDERED** at New Haven, Connecticut, this 18th day of June, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

7